FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD PRIMOFF<br>SUZANNE PRIMOFF | \* |
| Plaintiffs | \* |
| v. | \* |
| Kennard Warfield<br>Mary Ellen Warfield | Case No. 1:07-cv-02844-WMN |
| | \* |
| Defendants | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

*Motion to Quash and*
*Request For Immediate Sanctions*

The Plaintiffs, Edward Primoff and Suzanne Primoff, by and through counsel, for their *Motion* state as follows:

1. On December 18, 2018, through their counsel, the Warfields submitted an *Application for Writ of Garnishment*. *See, Document No. 139*

2. *28 U.S.C.S. § 1961* provides, in pertinent part, as follows:

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment.

(b) Interest shall be computed daily . . . and shall be compounded annually.

3. It is beyond any legitimate dispute that the verifiable 1-year constant maturity Treasury yield the week preceding July 24, 2013 was not more than 00.11%. *See, U.S. Department of the Treasury, Data and Charts — Daily Treasury Yield Curve Rates*.

4. Subject to a difference of mere pennies, if that, the daily per diem rate, as a matter of law, is not more than $00.06 (six cents).

1

5. On the *Application*, counsel for the Warfields, claims interest of $9,850.70 -- a calculation of interest that reflects a compounded interest rate in excess of 8.61%.

6. Counsel's "claim" of interest reflects an erroneous difference of 8108.33%.

7. Simple arithmetic reflects an unlawful monetary claim/difference of not less than $9,730.00 in plaintiffs' favor.

8. Such an egregious and unacceptable error is sufficient to render the *Application* void.

9. The *Application* is signed by "Kennard Warfield" but was, in fact, *e-filed* by Steven M. Oster, counsel for th Warfields.

10. The filing of the *Application* clearly violates *Fed. R. Civ. P. 11*.

11. As the *Writ of Garnishment* has allegedly been served on the Garnishee/Financial Institution, there can be no "withdrawal" of the pleading. Thus, the "safe harbor" provisions of *Fed. R. Civ. P. 11* are not applicable and immediate sanctions are warranted.

Wherefore, the Primoffs request that this Court, without delay, quash the *Writ of Attachment* and award monetary sanctions pursuant to *Fed. R. Civ. P. 11*.

Edward Primoff
Suzanne Primoff
*By Counsel*

Richard F. Boddie, #M03124
SLOCUM & BODDIE, P.C.
5400 Shawnee Rd #300
Alexandria VA 22312
(703) 451-9001

Certificate of Service

    I hereby certify that on September 26, 2018 a copy of the foregoing was served by electronic means, to the following:

Steven M. Oster, Esq.<br>
Ronald L. Spahn, Esq.<br>
5401 Twin Knolls Road, Suite 7<br>
Columbia MD 21045

_____
Richard F. Boddie